```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA JACKSON, et al.,

                          Plaintiffs,
                                                    09-CV-6057

                v.                              **DECISION**
                                                **and ORDER**
COMPUTER CONFIDENCE, INC.,

                          Defendant.
_____
```

## **INTRODUCTION**

Computer Confidence Inc. ("defendant"), moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Complaint of Donna Jackson, Joseph Maggerine, and Phillip Roberto (collectively "plaintiffs"). Defendant argues jurisdiction is lacking because defendant is not covered by the Fair Labor Standards Act ("FLSA"). Specifically, defendant claims it is not covered because it has less than $500,000 in revenues and it does not constitute an "enterprise" as defined in the FLSA. Plaintiffs oppose defendant's motion and cross-move for leave to amend their Complaint pursuant to Fed. R. Civ. Pro. 15(a). Plaintiffs move to amend their Complaint to allege individual coverage under the FLSA. For the reasons stated below, defendant's motion to dismiss is denied and plaintiffs' cross-motion to amend is granted.

## **BACKGROUND**

The Complaint alleges that defendant is engaged in interstate commerce and on information and belief has "annual gross volume

sales [of] not less than $500,000." Com. ¶ 22. Further, the Complaint alleges that defendant wrongfully classified plaintiffs and other Wage Class Members as "exempt" employees and that they "frequently worked over forty (40) hours in a week." Com. ¶ 39, 41. Plaintiffs also allege that defendant knew or should have known that its employees were required by the FLSA and New York Labor Law to be paid statutory overtime. Com. ¶ 43. Plaintiffs commenced this suit pursuant to 29 U.S.C. § 216 and New York Labor Law. Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. In support of its motion, defendant submitted tax records, sworn statements, and telephone records to dispute plaintiffs' contention that defendant is covered by the FLSA. Plaintiffs also contend that the issue of whether defendant is covered by the FLSA relates not to this Court's jurisdiction, but rather to the sufficiency of their Complaint. Accordingly, plaintiffs argue it is premature for this Court to resolve factual matters relating to plaintiffs' claim. For the reasons stated below, defendant's motion to dismiss for lack of subject matter jurisdiction is denied and plaintiffs' cross-motion to amend is granted.

**DISCUSSION**

**I. Subject-Matter Jurisdiction/Element-of-Claim**

The parties dispute whether the "coverage" requirements of the FLSA are jurisdictional or relate to the merits of a claim. "On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, [courts] have been less than meticulous." Arbaugh v. Y&H Corp., 546 U.S. 500, 511 (2006). As the Second Circuit observed, courts dismiss "'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000). The Supreme Court has "described such unrefined dispositions as 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit. Arbaugh, 546 U.S. at 511 (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 90 (1998)).

The Supreme Court in Arbaugh resolved the question of subject-matter jurisdiction and element-of-claim-for-relief dichotomy as it relates to the merits of a claim. See Arbaugh, 546 U.S. at 516. In Arbaugh, the Supreme Court found that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as

nonjurisdictional in character." See id. In that case, the Supreme Court determined that Title VII's numerosity requirement relates to a plaintiff's claim for relief, not subject-matter jurisdiction. Id. The distinction between labeling a fact jurisdictional or meritorious is important. "First, 'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Id. at 514 (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Jurisdictional facts are not given the presumption of truthfulness that allegations relating to a claim receive. Because a 12(b)(1) motion involves the court's ability to hear a case, the court may examine and weigh evidence outside the pleading. "If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts." Id. Thus, absent a clear indication from Congress[1] that a threshold fact is jurisdictional, it should be assumed to be an element of the claim. Id. at 515.

In the instant case, subject-matter jurisdiction is conferred by 28 U.S.C. § 1331, the general "federal question" statute. Plaintiffs make out a "colorable claim 'arising under' the Constitution or laws of the United States" by alleging entitlement to relief based on the FLSA. Plaintiffs allege they are covered by the FLSA either on an enterprise or individual coverage theory because defendant generates more than $500,000 in revenue and

---

[1]The Supreme Court noted that Congress has amply demonstrated its ability to confine federal court jurisdiction based on prerequisite facts. Arbaugh, 546 U.S. at 514-15 & n. 11 (collecting statutes).

plaintiffs are engaged in "commerce" as defined by the FLSA. See 29 U.S.C. § 202 (2006). "[E]nterprise" and "commerce" are defined in § 203, which makes no mention of the jurisdiction conferred upon federal courts. The "Penalties" provision of the FLSA allows an aggrieved person to pursue a remedy in federal or state court, without reference to the coverage requirements. See § 216(b). Following the "bright line" test of Abraugh I conclude that the coverage requirements relate to the merits of plaintiff's claim. The rationale of Arbaugh compels such a decision. Defendant's motion to dismiss contains numerous sworn statements indicating that defendant is not an "enterprise." Defendant submits telephone records to dispute plaintiffs' allegations that they used the instrumentalities of interstate commerce. At this stage, determining (as urged by defendant) that the coverage requirements are jurisdictional would be contrary to Arbaugh and essentially permit defendant to transform this motion into one for summary judgment.[2] I therefore conclude that this Court has subject-matter jurisdiction.[3]

---

[2] Defendant recognized this potential and made a request to this Court in a foot note to alternatively consider its motion under Rule 12(b)(6) or 56(c). Because defendant failed in its Notice of Motion to include a Rule 56(c) request, it would be inappropriate to consider the motion under the summary judgment standard since the plaintiffs would not have had sufficient notice pursuant to the rules. See Local R. Civ. Proc. 56.1.

[3] Defendant is correct that where a federal claim is made solely for the purpose of obtaining federal jurisdiction and the claim is immaterial, frivolous, and wholly insubstantial, a court should dismiss for lack of subject-matter jurisdiction. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996). Plaintiffs' allegations, if true, amount to a violation of the FLSA, hardly the type of frivolous claims meant for this category of cases.

## II. Cross-Motion to Amend Complaint

### A. Rule 15(a)

Plaintiffs cross-move to amend their complaint pursuant to Rule 15(a) to specifically allege individual coverage under the FLSA. "It is well-settled that '[l]eave to file an amended complaint shall be freely given when justice so requires, Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.'" Povoski v. Small, WL 455249, *1-2 (W.D.N.Y.2010) (quoting Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001)). "[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." Milanese, 244 F.3d at 110.

### B. Futility Requirement

Defendant maintains that the Amended Complaint is futile because plaintiffs "cannot set forth a plausible claim that 'individual coverage' exists under the [FLSA]" and is thus "legally insufficient." See Defendant's Memorandum of Law in Opposition to Plaintiff's Cross-Motion to Amend Complaint, at 2. Plaintiffs Amended Complaint alleges that plaintiffs' regular use of the instrumentalities of interstate commerce entitle them to the protections of the FLSA. See Amd. Com. ¶ 24. Defendant does not, however, accept plaintiff's allegations as true, which the Court is
- Page 6 -

required to do on a motion to dismiss. See <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir.2007) (Court will accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor). Rather defendant submits documents and sworn statements to dispute plaintiffs' claims. See <u>Defendant's Reply Memorandum of Law</u>, at 5-7.

As stated above, leave to amend will be denied as futile if the proposed Amended Complaint cannot withstand a motion to dismiss pursuant to Rule 12(b)(6). In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, [the] "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); <u>Johnson v. Rowley</u>, 569 F.3d 40, 43-44 (2d Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Twombly, 127 S.Ct. at 1965 (internal quotation marks omitted); see also Iqbal, 129 S.Ct. at 1949 ("Legal conclusions" need not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1949. Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1974). I find that plaintiffs have met the required standard.

Viewing all factual allegations in the Amended Complaint as true, I deny defendants' motion to dismiss. Plaintiffs allege they are covered under the FLSA based on information and belief that defendant has annual gross sales of not less than $500,000 and that plaintiffs are individually covered because of their "regular use of the instrumentalities of commerce." Amd. Com. ¶ 22, 24. Further, plaintiffs allege defendant wrongfully classified plaintiffs as "exempt" from the FLSA. Amd. Com. ¶ 40. Finally, plaintiffs allege they worked over forty hours per week and were not compensated at the required hourly rate of time and one-half. Amd. Com. ¶ 42, 43. Assuming all alleged facts are true, plaintiffs state a cause of

action arising under the FLSA. Accordingly, the Amended Complaint is not futile[4] and plaintiff's cross-motion to amend is granted.[5]

## **CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss for lack of subject matter jurisdiction is denied and plaintiffs' cross-motion to amend is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

           s/Michael A. Telesca
           MICHAEL A. TELESCA
     United States District Judge

Dated:    Rochester, New York
           February 23, 2010

---

[4] A finding that plaintiff's Amended Complaint is not futile should not be mistaken with a finding of liability on the part of the defendant.

[5] This Court also exercises its supplemental jurisdiction over plaintiffs' state law claims.