```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DONNA JACKSON, JOSEPH MAGGERINE,
PHILLIP ROBERTO, on behalf of themselves
and all other current and former employees
similarly situated,

                        Plaintiffs,         ORDER FOR DEFAULT
                                            JUDGMENT
                                            09-CV-6057
    v.

COMPUTER CONFIDENCE, INC.,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiffs, Donna Jackson, Joseph Maggerine and Phillip Roberto ("Plaintiffs") brought this action against defendant, Computer Confidence, Inc. ("Defendant") pursuant to the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. §201 et seq. ("FLSA") for declaratory relief and damages in connection with Defendant's alleged failure to, *inter alia*, pay Plaintiffs overtime wages and bonuses. Plaintiffs move for entry of a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendant as a result of Defendant's failure to appear and otherwise defend this action.

## BACKGROUND

Plaintiffs commenced this action in February 2009. (Dkt. No. 1). Defendant initially appeared and was represented by counsel. (Dkt. No. 3). Defendant moved to dismiss Plaintiffs'

original complaint and Plaintiffs cross-moved to amend the complaint. (Dkt Nos., 10, 15). After the motions were fully briefed and the matter submitted, I denied Defendant's motion to dismiss and granted Plaintiffs' cross-motion to amend. (Dkt. No. 33).

On February 26, 2010 Plaintiffs served their Amended Complaint, to which Defendant failed to answer or otherwise respond. (Dkt. No. 34). In April 2010, Defendant's counsel moved to withdraw, which was granted. In the Court's Order dated May 18, 2010, Defendant was afforded 30 days within which to retain another attorney. (Dkt. No. 40). The Order also provided that, "[Defendant] is further advised that failure to retain another attorney within the prescribed time may result in a default judgment against it because a corporation may not proceed pro se." (Id.).

Defendant's time to retain another attorney expired on June 17, 2010, and since February 2010, Defendant has failed to appear (i.e., answer the Amended Complaint) or otherwise defend this action. On July 8, 2010, Plaintiffs filed and the Clerk of the Court entered a Request for Entry of Default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). See Dkt. No. 42, 43; Fed. R. Civ. P. 55(a). On July 9, 2010,

Plaintiffs filed the instant Motion for Default Judgment ("Plaintiffs' Motion") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. See Dkt. No. 44; Fed. R. Civ. P. 55(b). Defendant has not responded to Plaintiffs' Motion.

## **DISCUSSION**

Rule 55 of the Federal Rules of Civil Procedure ("Rule 55") provides for entry of a judgment by default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process that the Court must follow before it may enter a default judgment against a defendant. See Robertson v. Doe, 2008 WL 2519894, *3 (S.D.N.Y. 2008); Fashiontv.com GMBH v. Hew, 2007 WL 2363694, *1-2 (S.D.N.Y. 2007).

First, Rule 55(a) provides that when a party fails to plead or otherwise defend an action, the Clerk of the Court must enter the party's default. See Fed. R. Civ. P. 55(a). Second, pursuant to Rule 55(b)(2), the moving party is required to present its application for entry of judgment to the court. See id. Rule 55(b)(2) further provides that, "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or representative must be served

3

with written notice of the application . . .". Id. Thus, once a party has appeared in an action, notice of the default judgment application must be sent to that party so that it has an opportunity to show cause why the court should not enter a default judgment. See Robertson, 2008 WL 2519894, *3; Fed. R. Civ. P. 55(b)(2).

In the instant case, Plaintiff satisfied the threshold requirements of Rule 55(a) and 55(b) by obtaining Entry of Default from the Clerk of the Court and by submitting the instant Motion for Entry of Default Judgment to the Court. However, no certificate of service was provided evidencing that Defendant has been given notice of Plaintiffs' default judgment application, as required by Rule 55(b)(2). Although the Court acknowledges the well-settled rule that a corporation cannot appear other than by its attorney (see Robertson, 2008 WL 2519894, *4; Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967)), Plaintiffs' Motion was only electronically served on Defendant's former counsel. There is no proof in the record that the instant motion was served upon Defendant itself in accordance with Rule 55, since it is no longer represented by that attorney, a fact that is known to Plaintiffs[1].

---

[1] The Court also acknowledges that Defendant's failure to retain or appoint new counsel within the time frame set forth by the Court

Accordingly, because Plaintiffs have failed to establish that they served the instant motion on Defendant, Plaintiffs' Motion is denied without prejudice.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Default Judgment against Defendant is denied without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                               s/Michael A. Telesca
                                               MICHAEL A. TELESCA
                                         United States District Judge

Dated:     Rochester, New York
             September 2, 2010

---

constitutes a failure to "otherwise defend" an action within the meaning of Rule 55, and would, upon compliance with all other provisions of the Rule, entitle Plaintiffs to a default judgment against Defendant. See Berstein & Co., 386 F.2d at 427 ("Without question, [defendant's] cavalier disregard for a court order [requiring defendant to appoint new counsel] is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'") (quoting Rule 55(a)).