UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA JACKSON, JOSEPH MAGGERINE,
PHILLIP ROBERTO, on behalf of themselves
and all other current and former employees
similarly situated,

                           Plaintiff,        **ORDER FOR DEFAULT JUDGMENT**
                                                                   09-CV-6057

                        v.

COMPUTER CONFIDENCE, INC.,

                           Defendant.
_____

## **INTRODUCTION**

Plaintiffs, Donna Jackson, Joseph Maggerine and Phillip Roberto ("plaintiffs"), brought this action against defendant, Computer Confidence, Inc. ("defendant"), for declaratory relief and monetary damages pursuant to the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA") for defendant's failure to pay plaintiffs overtime wages and bonuses. Plaintiffs now move for an entry of default judgement pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("Rule 55(b)") because defendant has failed to appear or otherwise defend this action.

## **BACKGROUND**

Plaintiffs filed this action on February 10, 2009. (Docket #1). Defendant, initially represented by counsel, answered the complaint and filed counterclaims on March 3, 2009. (Docket #3). Defendant then moved to dismiss the action for lack of subject

1

matter jurisdiction, and plaintiffs cross-moved to amend the complaint. (Docket #10, 15). On February 23, 2010, this Court denied defendant's motion to dismiss and granted plaintiffs' motion to amend the complaint. (Docket # 33). Plaintiffs then filed an amended complaint on February 26, 2010. (Docket #34). Defendant has not answered the amended complaint.

On April 2, 2010, counsel for defendant Damon Morey LLP, filed a motion to withdraw as counsel for defendant. (Docket #36). A hearing was held on May 17, 2010, and defendant did not attend. This Court granted counsel's motion to withdraw on May 18, 2010, and ordered defendant to retain counsel and file a notice of appearance within 30 days. (Docket #40). Specifically, this Court instructed defendant that a corporation may not proceed *pro se* and, in order to avoid a judgement of default, defendant must retain another attorney within the prescribed time. Id. The prescribed time to retain an attorney pursuant to this Court's May 2010 Order expired on June 17, 2010 and defendant has failed to appear (either *pro se* or with an attorney) since February, 2010, when plaintiff filed the amended complaint.

In July 2010, plaintiffs filed with the Clerk of the Court a Request for Entry of Default against the defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Docket #42). The Clerk issued an Entry of Default on July 8, 2010 and plaintiffs filed a Motion for Default Judgment pursuant to Rule 55(b) on July

2

9, 2010. (Docket #44). On September 2, 2010, this Court denied plaintiffs' motion because plaintiff failed to provide a Certificate of Service evidencing that defendant was given notice of their application for default, as required by Rule 55(b)(2)[1]. (Docket #49). Plaintiffs then filed the instant Motion for Default Judgment and included a Certificate of Service, signed by plaintiff's attorneys, certifying that they served the instant motion upon defendant, by mail and by hand-delivery at its place of business, on September 2, 2010. (Docket #47, 47-6).

### DISCUSSION

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, district courts may grant default judgment against a party for the failure to plead or otherwise defend an action. See <u>Enron Oil Corp. v. Masonori Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993). A party moving for default judgment must first obtain an Entry of Default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). If the "plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be certain," the moving party can seek a default judgment from the Clerk of the Court. In all other situations, the plaintiff must seek a default judgment from the Court. See Fed. R. Civ. P. 55(b). The Clerk of the Court

---

[1] Plaintiffs electronically served defendant's former counsel, Damon Morey LLP, with notice of their application for a judgment of default, but this Court held that such service was insufficient because plaintiffs were aware that Damon Morey LLP no longer represented the defendant and they had not shown that the motion was served directly upon defendant.

3

granted plaintiffs' application for an Entry of Default and plaintiffs now move for a default judgment pursuant to Rule 55(b). Additionally, as discussed above, plaintiff has also served defendant with written notice of the application pursuant to Rule 55(b)(2). Thus, plaintiff has satisfied the threshold requirements under Rule 55.

It is well settled that a corporation cannot appear *pro se* and that, "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." Grace v. Bank Leumi Trust Co. Of NY, 443 F.3d 180, 192 (2d Cir. 2006)(quoting SEC v. Research Automation Corp., 521 F.2d 585 (2d Cir. 1975)). This Court noted in its September 2, 2010 Order denying plaintiffs' motion for a default judgement that "defendant's failure to retain or appoint new counsel within the time frame set forth by the Court constitutes a failure to 'otherwise defend' an action within the meaning of Rule 55, and would, upon compliance with all other provisions of the Rule, entitle plaintiff's to a default judgment against defendant." (Docket #46 at 4-5, citing Berstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) ("Without question, [defendant's] cavalier disregard for a court order [requiring defendant to appoint new counsel] is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'") (quoting Rule 55(a))). Because defendant has failed to answer the amended

complaint since February 2010 and has failed to appoint new counsel, disregarding this Court's May 2010 Order, this Court grants plaintiffs' motion for default judgment pursuant to Rule 55(b).

After reviewing plaintiffs' submissions and the relevant law, and after considering all of the factors to be weighed in this matter, this Court has determined that the amounts requested ($21,497.72 in unpaid overtime wages to plaintiff Donna Jackson, $14,451.86 in unpaid overtime wages to plaintiff Joseph Maggerine, and $16,869.23 in unpaid overtime wages to plaintiff Phillip Roberto pursuant to 29 U.S.C. §216(b), and an additional $3,000 in an unpaid retention bonus to plaintiff Donna Jackson)[2] are due to plaintiffs. Additionally, plaintiff's request for attorney's fees is granted pursuant to 29 U.S.C. §216(b). This court finds that the attorney's fees requested, $29,035.10, fall within the realm of reasonable fees charged within this District for the work of attorneys of similar skill and experience.[3] The Court, thus, grants plaintiffs' motion for default judgment against defendant.

---

[2] All amounts due pursuant to 29 U.S.C. §216(b) include an "additional equal amount in liquidated damages." See 29 U.S.C. §216(b).

[3] Plaintiffs have submitted the affidavit of their attorney, Andrew M. Burns, Esq., setting forth the work performed by him and an associate at his firm, Cara Waldman, Esq. Additionally, Plaintiff's submitted the detailed invoice for their attorneys' work and legal costs, which listed the date of work performed, the initials of the attorney performing the task, a description of the task, and the amount of time spent on the task. The fees requested are based on a rate of $250.00 per hour for Burns and $175.00 per hour for Waldman. The costs requested include a $350.00 filing fee, a $40.00 process server fee and $15.10 for copying charges. (Docket #47-2 Exhibit C).

**CONCLUSION**

Based upon plaintiffs' Motion For Default Judgment together with Declarations from plaintiff's attorney, Andrew M. Burns, and plaintiffs Donna Jackson, Joseph Marggerine, and Phillip Roberto, the Entry of Default issued by the Clerk of the Court, and due deliberation, it is hereby

**ORDERED**, that the motion be and the same is hereby in all respects granted, and it is further

**ORDERED**, that judgment be and hereby is entered in favor of plaintiffs; and it is further

**ORDERED**, that defendant shall pay damages in the amount of $24,497.72 for unpaid overtime and an unpaid bonus to plaintiff Donna Jackson, $14,451.86 for unpaid overtime to plaintiff Joseph Maggerine, and $16,869.23 for unpaid overtime to plaintiff Phillip Roberto; and it is further

**ORDERED**, that defendant shall pay plaintiffs reasonable attorney's fees and costs in the amount of $29,035.10, and shall have a judgement therefore.

**ALL OF THE ABOVE IS SO ORDERED.**

                                s/Michael A. Telesca
                                MICHAEL A. TELESCA
                      United States District Judge

Dated:    Rochester, New York
           October 14, 2010