```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DONNA JACKSON, JOSEPH MAGGERINE,
PHILLIP ROBERTO, on behalf of themselves
and all other current and former employees
similarly situated,

                        Plaintiff,         ORDER
                                           09-CV-6057
            v.

COMPUTER CONFIDENCE, INC.,

                        Defendant.
_____
```

Plaintiffs, Donna Jackson, Joseph Maggerine and Phillip Roberto ("Plaintiffs"), brought this action against Defendant, Computer Confidence, Inc. ("Defendant"), for declaratory relief and monetary damages pursuant to the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. §201 *et. seq.*, for Defendant's failure to pay overtime wages and bonuses. On October 15, 2010, this Court granted Plaintiffs' motion for default judgment, and awarded $24,497.72 for unpaid overtime and an unpaid bonus to plaintiff Donna Jackson, $14,451.86 for unpaid overtime to plaintiff Joseph Maggerine, and $16,869.23 for unpaid overtime to plaintiff Phillip Roberto. Plaintiffs were also awarded $29,035.10 in costs and attorney's fees.

Defendant now moves to vacate the default judgment, arguing that its failure to answer the Amended Complaint or otherwise defend the action was "the result of excusable neglect" on the part of its attorney, Wayne Ohl, Esq. See Def. Mem. of Law at 2. For

the reasons set forth below, this Court denies Defendant's motion to vacate the default judgment.

This Court assumes familiarity with the procedural and factual background of this case, as set forth in its previous Orders. (Docket #'s 33, 40, 46, 49). Defendant moves to vacate this Court's entry of default judgment pursuant to both subdivision one and subdivision six of Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). Rule 60(b) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...[or] (6) any other reason that justifies relief." Defendant states in its Memorandum of Law in support of this Motion, that the reason for its failure to answer the Amended Complaint or otherwise defend the action was that its attorney, Wayne Ohl, Esq., erroneously believed that it was unnecessary to defend the action. Defendant argues that its attorney's "willful" default should not be imputed to the Defendant in this case, because Defendant was diligent in its efforts to remain in contact with Mr. Ohl and, "on several occasions," Defendant inquired whether all necessary actions were being taken. See Def. Mem of Law at 4. Defendant has not provided this Court with its own affidavit regarding their efforts to contact Mr. Ohl or an affidavit from Mr. Ohl regarding his allegedly erroneous legal

2

advice.

In U.S. v. Cirami, the Second Circuit addressed the issue of the extent to which relief may be granted pursuant to subdivision one or six of Rule 60(b) for an attorney's mistake. See U.S. v. Cirami, 535 F.2d 736, 739-742 (2d Cir. 1976). The Court stated that where "the motion [is] made pursuant to Rule 60(b)(1) on the theory that counsel's error constitutes a mistake or excusable neglect[,] [t]his Circuit has rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload."Id. at 739. Further, the court noted that an attorney is a freely-selected agent of the client and therefore, the client is bound by the actions of his attorney. Id. at 740.

The Second Circuit has also expressed a "reluctance" to grant relief under subdivision six of Rule 60(b), even where the attorney was "grossly negligent," as the movant must show that there are "exceptional circumstances" that warrant relief under Rule 60(b)(6). Id. at 741-2; see also Stefanopoulos v. City of New York, 299 Fed. Appx. 49, 2009 WL 4820558 (2d Cir. 2008). Such exceptional circumstances have been found where the attorney completely disappeared or where the attorney admitted to neglecting the action due to personal problems and also misled the client

3

about the status of the case. See Cirami 535 F.2d at 741. Such circumstances are not present in this case.

Defendant has not submitted its own affidavit or an affidavit from Mr. Ohl describing their relationship with respect to this case. Accordingly, this Court cannot determine on this record the amount of contact they had or the reasons for which Mr. Ohl allegedly advised Defendant not to answer the Amended Complaint or defend this action. Defendant simply states in its Memorandum of Law supporting this Motion that Mr. Ohl advised them that there was "no reason to worry about a default judgment being entered" because he was planing on filing for bankruptcy, and bankruptcy would "essentially [make] the judgment a nullity." Based on this record, this Court does not find that Plaintiff has demonstrated that there are "exceptional circumstances" to warrant relief under Rule 60(b)(6). Therefore, Defendant's motion to vacate default judgment is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         May 26, 2011